IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DONALD MARCELLOUS DEXTER,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 24-3140-JWL

**JACK LUCKE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff and Kansas prisoner Donald Marcellous Dexter brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wilson County Jail in Fredonia Kansas. His fee status is pending. The Court has conducted the statutorily required screening of the complaint and Plaintiff will be given time to show cause why this matter should not be dismissed for failure to state a plausible claim for relief or, in the alternative, to file an amended complaint that cures the deficiencies identified in this order. If Plaintiff fails to timely respond to this order, this matter may be dismissed without prejudice and without further prior notice to Plaintiff.

    I.  **Screening Standards**

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.

1

1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

**II. The Complaint**

As Defendants in this action, Plaintiff names Wilson County Sheriff Jack Lucke and Wilson County Jail (WCJ) Administrator C. Barnett. (Doc. 1, p. 1-2.) Liberally construing the pro se complaint, Plaintiff alleges that his civil rights were violated when Defendant Barnett opened his legal mail outside his presence, removed the stamps and postmark from the envelope, and removed staples from the papers inside. *Id.* at 2, 4; Doc. 1-1, p. 3.

On July 2, 2024, Plaintiff filed a grievance regarding this incident. (Doc. 1-1, p. 1.) Defendant Barnett responded to the grievance the same day, stating, "The stamps were removed. It was opened [and] staples were removed. It is policy [and] procedure to remove said items." *Id.* Four days later, Plaintiff filed a second grievance regarding the incident and Defendant Barnett's response to his initial grievance. *Id.* at 2. Defendant Lucke responded in writing, stating:

> Mail is opened to check for contraband and inadequate mail. Just because of the markings on the envelope doesn't mean that it is where it came from. Markings can be cloned. I will speak with jail admin. to see if they can open that type of mail in front of you.

*Id.*

As Count I of this matter, Plaintiff asserts that Defendant Barnett violated the federal constitutional rights guaranteed to Plaintiff by the First, Fourth, and Fourteenth Amendments to the United States Constitution by opening Plaintiff's legal mail outside of his presence and removing staples from the contents of the legal mail. (Doc. 1, p. 4-5.) As Count II, Plaintiff asserts that Defendant Lucke violated Plaintiff's rights under the Fourth and Fourteenth Amendments by the way in which he answered Plaintiff's second grievance. *Id.* As relief, Plaintiff seeks $250,000.00. *Id.* at 7.

III. Discussion

   A. Personal Participation

An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). "[V]icarious liability

3

is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This means that Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body of the complaint a description of the specific acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The complaint now before the Court fails to sufficiently allege the personal participation of Defendant Lucke in the violation of Plaintiff's constitutional rights. Even liberally construing the complaint, Plaintiff's allegations about Defendant Lucke are only that he is the Sheriff of Wilson County, he was at work when he answered Plaintiff's grievance, and Plaintiff is dissatisfied with the answer. An allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Moreover, the supervisory nature of Defendant Lucke's role as Sheriff is not enough to show personal participation. "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Thus, this matter is subject to dismissal as it is brought against Defendant Lucke because Plaintiff has not sufficiently alleged his personal participation in violating Plaintiff's federal constitutional rights.

### B. Failure to State a Plausible Claim for Relief

With respect to Plaintiff's claim that Defendant Barnett unconstitutionally opened his legal mail outside of his presence and removed stamps, the postmark, and staples, Petitioner has failed to state a plausible claim for relief. "It is settled that an inmate's legal mail may be opened by prison officials only in the presence of the inmate." *Bledsoe v. Biery*, 814 F. Supp. 58, 59 (D. Kan.

Feb. 11, 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974)). "The privileged treatment accorded legal mail stems from its importance in protecting inmates' right of access to the courts." *Id.* To assert a plausible claim of unconstitutional interference with the right to access the courts, however, a prisoner must allege sufficient facts to show that the act or acts in question hindered his or her efforts to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (applying actual injury requirement to claims of an insufficient prison law library, which is also at its base a claim of unconstitutional interference with access to the courts). Plaintiff makes no such allegation here.

In addition, the Tenth Circuit has held that one "isolated incident, without any evidence of improper motive or resulting interference with [a prisoner's] right to counsel or to access the courts, does not give rise to a constitutional violation." *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *see also Salazar v. Whisker*, 804 Fed. Appx. 1007, 1007 (10th Cir. May 8, 2020) (unpublished order and judgment) ("[A]n isolated incident of opening a prisoner's legal mail outside the prisoner's presence does not violate the Constitution.").

The complaint identifies only a single instance when Defendant Barnett opened Plaintiff's legal mail outside of his presence and it does not allege facts that show Defendant Barnett had an improper motive for doing so. The complaint also includes no facts about a legal claim that was hindered by the opening of Plaintiff's legal mail outside of his presence or how Defendant Barnett's actions otherwise limited Plaintiff's access to the courts. In short, because the complaint, even liberally construed, alleges only an isolated incident when Defendant opened Plaintiff's legal mail outside of his presence, it does not state a plausible claim for relief under § 1983 against Defendant Barnett.

### IV. Conclusion

As explained above, the complaint now before the Court is subject to dismissal in its entirety. Plaintiff will be granted the opportunity to show cause why this matter should not be dismissed for failure to state a plausible claim for relief against a named Defendant. In the alternative, Plaintiff may file a complete and proper amended complaint upon the court-approved form that cures the deficiencies identified in this order.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. The amended complaint is not simply a supplement to the original complaint; instead, it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his earlier complaint or the attachments thereto. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3140-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. If Plaintiff does not file within the prescribed time a written response to this order or an amended complaint that cures the deficiencies discussed herein, this matter may be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including **September 17, 2024,** in which to show cause why this matter should not be dismissed

for failure to state a plausible claim for relief. In the alternative, Plaintiff may, on or before **September 17, 2024**, file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send a § 1983 form and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 14, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**