IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD MARCELLOUS DEXTER,

    **Plaintiff,**

v.                                       CASE NO. 24-3140-JWL

JACK LUCKE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Donald Marcellous Dexter brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wilson County Jail in Fredonia, Kansas and he has been granted leave to proceed in forma pauperis. (Doc. 7.) This matter comes now before the Court on Plaintiff's amended complaint. (Doc. 10.) For the reasons explained below, this matter will be dismissed for failure to state a claim on which relief may be granted.

**I. Background**

Plaintiff's initial complaint in this matter named as Defendants Wilson County Sheriff Jack Lucke and Wilson County Jail (WCJ) Administrator D. Barnett. (Doc. 1, p. 1-2.) As Count I of the complaint, Plaintiff asserted that Defendant Barnett violated Plaintiff's rights guaranteed by the First, Fourth, and Fourteenth Amendments to the United States Constitution by opening Plaintiff's legal mail outside of his presence and removing staples from it. As Count II, Plaintiff asserted that Defendant Lucke violated Plaintiff's rights under the Fourth and Fourteenth Amendments by the way in which he answered Plaintiff's grievance about the incident. *Id.* at 4-5. As relief, Plaintiff sought $250,000.00. *Id.* at 7.

1

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When the Court conducted the required screening of the initial complaint, it determined that deficiencies in the complaint left this matter subject to dismissal in its entirety. Thus, on August 14, 2024, the Court issued a memorandum and order to show cause (MOSC) identifying those deficiencies and giving Plaintiff time to show cause why this matter should not be dismissed or, in the alternative, to file an amended complaint that cures the deficiencies. (Doc. 5.)

Specifically, the MOSC explained that Defendant Lucke was subject to dismissal from this suit because Plaintiff did not allege that Defendant Lucke personally participated in a constitutional violation. *Id.* at 3-4. The MOSC further explained that the claim against Defendant Barnett was subject to dismissal because Plaintiff alleged only one instance in which his legal mail was opened outside of his presence and he alleged neither that Defendant Barnett had an improper motive to do so nor that doing so interfered with Plaintiff's pursuit of a nonfrivolous legal claim. *Id.* at 5. Thus, the MOSC concluded, Plaintiff failed to state a plausible claim for relief in the initial complaint. *Id.* at 6.  Plaintiff timely filed his amended complaint. (Doc. 10.)

## II. Screening Standards

Again, because Plaintiff is a prisoner, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

2

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

### III. The Amended Complaint (Doc. 10)

In the amended complaint, Plaintiff again names as Defendants Sheriff Lucke and Jail Administrator Barnett and he adds as Defendants "Wilson County Jail Officers." (Doc. 10, p. 1-2.) As the factual background for the amended complaint, Plaintiff asserts that in June 2024, the clerk of the District Court of Wilson County, Kansas, mailed "discovery information" to Plaintiff

at the WCJ in an envelope that was marked as confidential, legal mail, and inmate mail. *Id.* at 2. Defendant Barnett opened the envelope and removed the postmark-stamped postage from the envelope, all outside of Plaintiff's presence. *Id.* Plaintiff further alleges that during June 2024, mail from his attorney, which was marked as confidential legal mail, was also opened outside of his presence. *Id.*

As Count I, Plaintiff alleges that Defendant Barnett opening Plaintiff's legal mail from the state district court outside of Plaintiff's presence violated Plaintiff's Fourth Amendment rights. *Id.* at 3. Plaintiff further alleges that when he submitted a grievance on the matter, Defendant Barnett "stated that this was proper protocol." *Id.* As Count II, Plaintiff alleges a violation of 10 U.S.C. § 909a, based on Defendant Barnett committing theft of the "postmarked inked stamps" by removing them from the envelope. *Id.* As Count III, Plaintiff alleges the violation of federal regulations that require staff to "mark each envelope of incoming legal mail from courts or attorneys." *Id.* at 4. As supporting facts for Count III, Plaintiff alleges that on at least 12 occasions, he has received special and legal mail from jail officers, none of which were properly logged with the time, date, and an indication of who hand-delivered the mail to Plaintiff. *Id.*

As relief, Plaintiff seeks monetary damages for the stress this has caused him. *Id.* at 5. He further seeks the waiver of his filing fees for this case and injunctive relief consisting of this Court requesting Defendant Barnett's resignation and order the WCJ to hire a person who will comply with the rules on handling and delivering special legal mail to inmates. *Id.* at 5.

IV. **Discussion**

   A.  **Personal Participation**

As explained in the MOSC, an essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the

complaint is based. (Doc. 5, p. 3-4.) "This means that Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body of the complaint a description of the specific acts taken by each defendant that violated Plaintiff's federal constitutional rights." *Id.* at 4.

Like the initial complaint, the amended complaint fails to sufficiently allege the personal participation of Defendant Lucke in the violation of Plaintiff's constitutional rights. Even liberally construing the amended complaint, Plaintiff's allegations about Defendant Lucke are only that he is the Sheriff of Wilson County, he thus oversees the WCJ, and he responded to Plaintiff's grievance. As previously explained to Plaintiff:

> An allegation that an official denied or failed to respond to a grievance is not enough to show personal participation as required for a plausible claim under § 1983. Moreover, the supervisory nature of Defendant Lucke's role as Sheriff is not enough to show personal participation. "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."

(Doc. 5, p. 4 (citations omitted).)

Because the amended complaint fails to allege sufficient personal participation by Defendant Lucke in a constitutional violation, Plaintiff has failed to state a plausible claim against Defendant Lucke. Defendant Lucke must be dismissed from this lawsuit.

### B. Relief Requested

Plaintiff's request for compensatory money damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a credible physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's general allegation that Defendants' actions caused him "stress" (Doc. 10, p. 5) is not sufficient to meet the "physical

injury requirement of § 1997e(e). *Hall v. Elbe*, No. 18-CV-01056-PAB-NRN, 2022 WL 16855691, at *13 (D. Colo. Nov. 9, 2022), citing *see, e.g.*, *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (affirming *sua sponte* dismissal with prejudice despite prisoner's affidavit stating that he suffered weight loss, appetite loss, and insomnia after disclosure of his medical status because the language and purpose of §1997e(e) "preclude[s] reliance on the somatic manifestations of emotional distress"); *Cooksey v. Hennessey*, 2007 WL 2790365, *1 (N.D. Cal. Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as 'a prior showing of physical injury.' "); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 905 (N.D. Cal. 2004) (same); *Cannon v. Burkybile*, 2000 WL 1409852, *6 (N.D. Ill. Sept. 25, 2000) (allegations of headaches, insomnia, stress, and stomach anxiety insufficient to meet the physical injury requirement under § 1997e(e)); *Cain v. Virginia*, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and severe headaches caused by emotional distress not a "physical injury" under the PLRA). Thus, Plaintiff's request for money damages is subject to dismissal.

Plaintiff also seeks injunctive relief in the form of an order "ask[ing] for C. Barnett's . . . resignation [and] hiring a person who know[s] how to deliver Special Legal Mail." (Doc. 10, p. 5.) Such relief is not available from this Court. *See Belles v. Lasswell*, 2020 WL 5993261, *1 (D. Kan. Oct. 9, 2020) (unpublished) (addressing the plaintiff's request in a § 1983 action for the termination of a defendant's employment and collecting cases showing that this Court "is without authority to grant such relief"). Accordingly, Plaintiff's request for injunctive relief is subject to dismissal.

Finally, Plaintiff seeks relief in the form of the waiver of his obligation to pay the filing fee for this matter. Such relief is not available because Plaintiff proceeds in forma pauperis (*see* Doc. 7) and is a prisoner. "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the

prisoner *shall be required* to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added); *see Neil v. Maag*, 2023 WL 4295369, *7 (D. Kan. June 30, 2023) (unpublished) (denying motion to waive the filing fee and citing 28 U.S.C. § 1915(b)(1)).

### C.  Failure to State a Plausible Claim for Relief

#### i.  Count I – Opening Legal Mail Outside Plaintiff's Presence

In Count I of the amended complaint, Plaintiff argues that his Fourth Amendment right not be secure in his papers and effects was violated when Defendant Barnett opened Plaintiff's legal mail from the state district court clerk outside of his presence. (Doc. 10, p. 3.) As noted in the MOSC, "[i]t is settled that an inmate's legal mail may be opened by prison officials only in the presence of the inmate." *See Bledsoe v. Biery*, 814 F. Supp. 58, 59 (D. Kan. Feb. 11, 1993) (citing *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974)); (Doc. 5, p. 4-5). This Court has long recognized, however, that "a prison inmate's Fourth Amendment rights are extremely limited. Prison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail." *Hall v. Chester*, 2008 WL 4657279, *6 (D. Kan. 2008) (unpublished) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974)). Rather, "a prisoner's constitutional claim regarding prison officials confiscating and/or reading legal mail is more properly analyzed under the First and Fourteenth Amendments not the Fourth Amendment." *Swietlicki v. Burtlow*, 2023 WL 11955948, *5 (D. Colo. Mar.13, 2023), report and recommendation adopted at 2023 WL 11955951 (D. Colo. April 11, 2023).

In his initial complaint, Plaintiff asserted that opening his mail from the Wilson County District Court clerk violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Doc. 1, p. 4.) But in the amended complaint, Plaintiff narrows his claim to argue that only a violation of the Fourth Amendment. (Doc. 10, p. 3.) Because the Fourth

7

Amendment does not guarantee inmates' presence when legal mail is opened, Count I fails as a matter of law.

Moreover, as the MOSC pointed out for Plaintiff, "the Tenth Circuit has held that one, 'isolated incident, without any evidence of improper motive or resulting interference with [a prisoner's] right to counsel or to access the courts, does not give rise to a constitutional violation.'" (Doc. 5, p. 5 (citations omitted).) Count I of the amended complaint is based on a single instance when Defendant Barnett improperly opened mail to Plaintiff from a state district court clerk outside of Plaintiff's presence. Even when liberally construed and taken as true, this allegation fails to state a constitutional violation. Thus, Count I is subject to dismissal for failure to state a plausible claim for relief.

### ii.  Count II – Theft of Postmarked Stamps

In Count II, Plaintiff asserts that Defendant Barnett committed theft by removing "the postmark inked stamps" from the envelope containing the mail from the Wilson County District Court clerk. (Doc. 10, p. 2-3.) As the legal authority for this count, Plaintiff cites 10 U.S.C. § 909a. *Id.* at 3. That statutory provision is also referred to as Article 109a, one of the "punitive articles" of the Uniform Code of Military Justice (UCMJ). It states:

> (a)  **Taking.**—Any person subject to this chapter who, with the intent to obstruct the correspondence of, or to pry into the business or secrets of, any person or organization, wrongfully takes mail matter before the mail matter is delivered to or received by the addressee shall be punished as a court-martial may direct.
> (b)  **Opening, secreting, destroying, stealing.**—Any person subject to this chapter who wrongfully opens, secretes, destroys, or steals mail matter before the mail matter is delivered to or received by the addressee shall be punished as a court-martial may direct.

10 U.S.C. § 909a.

Article 2 of the UCMJ identifies the "persons [who] are subject to this chapter." 10 U.S.C. § 802. For purposes of this case, suffice it to say that all persons subject to the UCMJ are in some

way members of, serving with members of, or otherwise connected to the armed forces or the Space Force. *See id.* There is no indication that Defendant Barnett is a person subject to the UCMJ.

In addition, "[i]n order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The consequence for violating Article 109a of the UCMJ is, by its own language, punishment "as a court-martial may direct." This does not create a private right that Plaintiff may enforce via a civil rights action under 42 U.S.C. § 1983. *See Rouhi v. Kettler*, 2020 WL 3451871, * 3 (D. Md. June 24, 2020) (unpublished) (finding that because UCMJ punitive article on larceny "does not incorporate a private right of action" and does not provide any remedy other than punishment by court-martial, a "civil claim under that military statute is improper and frivolous"). For these reasons, Count II is subject to dismissal for failure to state a plausible claim for relief.

### iii.    Count III – Violation of Mail Logging Requirements

In Count III of the amended complaint, Plaintiff alleges the violation of 28 C.F.R. 540.19. (Doc. 10, p. 4.) That federal regulation governs the treatment of legal correspondence to inmates in the custody of the federal Bureau of Prisons. *See McKenzie v. McGee*, 1997 WL 542938, *2 (D. Kan. Aug. 10, 1997) (unpublished) ("The Code of Federal Regulations governs the processing of correspondence to and from inmates in federal custody."). Specifically, Plaintiff asserts a violation of subsection (a) of 28 C.F.R. § 540.19, which states, in relevant part:

> Staff shall mark each envelope of incoming legal mail (mail from courts or attorneys) to show the date and time of receipt, the date and time the letter is delivered to an inmate and opened in the inmate's presence, and the name of the staff member who delivered the letter.

(*See* Doc. 10, p. 4.)

Plaintiff is not in federal custody; he is housed at the Wilson County Jail in Fredonia, Kansas. The Wilson County Jail is not bound by a federal regulation that governs Federal Bureau of Prisons facilities. Moreover, even if it were, there is no indication that 28 C.F.R. § 540.19 was intended to create a private right that Plaintiff may enforce via a civil rights action under 24 U.S.C. § 1983. For these reasons, Count III is subject to dismissal for failure to state a plausible claim for relief.

## V. Conclusion

As explained above, the currently operative amended complaint fails to state a claim on which relief may be granted and seeks only relief that is not available on the facts alleged. Thus, the Court will dismiss this matter under 28 U.S.C. 1915A(a) and (b) and 28 U.S.C. § 1915(e)(2)(b).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed with prejudice** for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED**.

Dated October 18, 2024, in Kansas City, Kansas.

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**